IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND HERNANDEZ,

    Plaintiff,

vs.                                    Civ. No. 11-212 KBM/RHS

THADDEUS LUCERO, RONALD TORRES,
STEVEN FABRIZIO in their individual capacities,
and the BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY

    Defendants.

**ORDER GRANTING DEFENDANTS THADDEUS LUCERO, RONALD TORRES, STEVEN FABRIZIO AND THE BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY'S MOTION TO COMPEL NO. 1: REQUIRING PLAINTIFF TO RESPOND TO DEFENDANTS' INTERROGATORIES AND REQUESTS FOR PRODUCTION**

THIS MATTER comes before the Court on Defendants Thaddeus Lucero, Ronald Torres, Steven Fabrizio and the Board of County Commissioners of Bernalillo County's Motion to Compel No. I: Requiring Plaintiff to Respond to Defendants' Interrogatories and Requests for Production (hereinafter referred to as "County Defendants")(Doc. 16). The Court has now considered the motion together with Plaintiff's Response (Doc. 20) as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the motion is well-taken and should be granted (Movant did not file a Reply).

IT IS THEREFORE ORDERED that Defendants' Motion to Compel No. I: Requiring Plaintiff to Respond to Defendants' Interrogatories and Requests for Production (Doc. 16) is hereby granted as follows:

1. Defendants state in their motion that discovery was concluded November 4, 2011.

-1-

The Court has previously extended that date until January 3, 2012 (See Doc. 18).

    2. **Interrogatory Nos. 7, 9 and 10:**  Interrogatory No. 7 refers to the allegations in Paragraph 28 of Plaintiff's Complaint. These allegations generally address alleged overcrowding, inmate-on-inmate assaults and knowledge of the inherent risks involved. Plaintiff's answer to the interrogatory seems to be a response drafted by his legal counsel and not by Plaintiff.  This is a concern because Plaintiff states in his Answer to Interrogatory No. 8 that he has "suffered memory loss."  The Answer to Interrogatory No. 7 should make clear who is responding such that the Answer could be used in cross examination at trial.  Interrogatory No. 7 is not overbroad or burdensome.  It addresses the core issues of the lawsuit brought by Plaintiff and the defense has the right to discover all of the underlying facts relative to Plaintiff's allegations.

    Interrogatory No. 8 seeks specific information concerning Plaintiff's alleged damages. Plaintiff's Answers are for the most part incomplete.  He does not provide names of providers or dates of service, other than a general reference to the hospitals involved.  When asked about the amounts charged by health care professionals, Plaintiff simply says that he does not know and he does not state whether he intends to obtain this information and provide it to defense counsel. Although Interrogatory No. 8 does not appear to be the subject of the instant motion, the Court finds Plaintiff's response thereto to be wholly inadequate.

    Interrogatory No. 9 seeks information concerning  Plaintiff's allegations that Defendants "employed a policy deliberate indifference to the safety of inmates."  Plaintiff's answer only refers to other responses given in discovery.  Plaintiff should answer all interrogatories individually even if it becomes repetitive so that these answers may be used at trial in cross examination. The same is true for Plaintiff's answers to Interrogatory No. 10.

    3. **Interrogatory No. 2:**  Interrogatory No. 2 seeks opening discovery as to individuals

who may have relevant information concerning the issues raised by Plaintiff in his Complaint. Plaintiff lists approximately five potential witness but does not know how to locate them or what information each individual may possess. Plaintiff acknowledges his obligation to supplement discovery but makes no reference as to what he has done or intends to do to locate these persons.

    4. **Interrogatory No. 15:** Interrogatory No. 15 seeks disclosure of the amount of damages sought by Plaintiff in this litigation. Plaintiff's almost flippant answer is "I do not have a dollar amount in mind." Plaintiff does not explain why he cannot quantify his damages in monetary terms and leaves Defendants with the proposition that they should figure out Plaintiff's monetary damages for themselves. Plaintiff has certified that his monetary damages exceed $75,000 in support of his claim so that the federal court has jurisdiction, so he at least has that dollar amount in mind.

    5. **Requests for Production Nos. 1, 2, 6 and 11 and Interrogatory No. 3:** Plaintiff's responses to these discovery requests coyly indicate that he has none of the documents in his possession. Does this mean that the documents exist but he does not have them or copies of them? Does it mean that none exist at all? Does it mean that they exist and he can get them for supplementation? Plaintiff's counsel indicates in his Response to Interrogatory No. 3 that he will provide any documents produced to him by medical providers but does not indicate when that will be done or who or what institution is being asked for copies of documents.

    6. **Request for Production No. 7:** This Request is a standard discovery request for supporting documents referred to in Plaintiff's discovery responses. Plaintiff's response is that defense counsel has the responsive documents but does not detail or describe what documents is he speaking about or when they were disclosed or produced.

Based on the foregoing, the Court finds that Plaintiff's responses to reasonable discovery are incomplete, argumentative, non-responsive and otherwise insufficient.

**IT IS THEREFORE ORDERED** that Plaintiff and not his legal counsel respond in a full, complete, thorough and narrative manner to all of Defendants' propounded discovery set forth above using complete sentences and refraining from one word responses. These responses shall be completed on or before December 9, 2011. The Court reserves jurisdiction to impose attorney's fees and costs at a later date as may be appropriate.

**IT IS FURTHER ORDERED** that if Plaintiff's claim of memory loss impairs his ability to respond to discovery, cooperate with his counsel or otherwise prosecute his claim for damages this inability shall be specifically detailed in any response to discovery. If these alleged memory deficiencies are such that a guardian must be appointed by the state court, counsel for Defendant shall advise the trial court.

*Robert Hayes Scott*

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE